UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

THOMAS SMITH,

                Plaintiff,                          Case No. 1:07-cv-875

v.                                            Honorable Janet T. Neff

BARBARA SAMPSON et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff is incarcerated in the Boyer Road Correctional Facility.  On June 20, 2003, Plaintiff pleaded guilty in the Wayne County Circuit Court to being a felon in possession of a firearm and possession of a firearm during the commission of a felony.  In exchange for his plea, the prosecutor dismissed charges of home invasion, felonious assault and fourth habitual offender.  The charges arose from an incident in which Petitioner entered the home of his ex-girlfriend, pointed a rifle at her, and fired one shot into the upper part of a door.  Petitioner claimed that he committed those acts because his ex-girlfriend, who has a son with him, allegedly was molesting the boy.  Petitioner was sentenced to consecutive prison terms of eighteen months to five years for the felon-in-possession conviction and two years for the felony-firearm conviction.  Plaintiff's complaint concerns the denial of his parole by the Michigan Parole Board.  He sues Parole Board Chariman Barbara Samper, and Parole Board Members James Atterberry and Sharee Booker.

While Plaintiff was incarcerated in the Coldwater Correctional Facility in August 2003, he sought entry to the Assaultive Offender Program (AOP) following the recommendations made by the MDOC reception center.  The psychologist, Dr. Motes, told Plaintiff that the reception center was wrong to recommend AOP for Plaintiff, because his firearms offenses were not on the list of assaultive offenses.  While he was incarcerated at the Alger Maximum Correctional Facility in September 2004, Plaintiff again attempted to gain admission to AOP.  Dr. Weise, the psychologist at Alger, found that Plaintiff met AOP criteria and placed Plaintiff on the waiting list.  Plaintiff remained on the waiting list at Alger until he was transferred to the Adrian Correctional Facility.  At Adrian, Plaintiff was screened for AOP by Michael Angles.  Mr. Angles issued a report on

- 2 -

March 23, 2006, stating that although Plaintiff met the assaultive criteria he should be denied admission to the program because Plaintiff indicated that he would not be able to discuss his case with a group of people who have abused children.

Plaintiff had his first parole interview on August 29, 2006.  The parole board issued a notice of decision on September 1, 2006, denying Plaintiff's parole for a twelve month period. (*See* 9/1/06 Parole Board Notice of Action, Exhibit A, docket #1.)  Among the reasons for denying Plaintiff parole, the parole board indicated that Plaintiff has a criminal history that includes "criminal conviction(s) as juvenile," "drug/alcohol related crimes" and "traffic related misdemeanors."  The board made several  recommendations for corrective action which may facilitate release, including that Plaintiff "[o]btain screening by psychological staff to determine the appropriateness of group therapy to reduce risk to society."  Plaintiff kited mental health services regarding the parole board's recommendation.  He was informed that because he received a non-admission report from Mr. Angles, the parole board would have to make a written request for Plaintiff to have an assessment. Plaintiff sent a letter to the parole board, but never received a response.

Six months later, Plaintiff received a Notice of Intent to Conduct a Parole Board Interview (NOI).  (*See* NOI, Exhibit 2, docket #1.)  Under Michigan law, a denial of parole cannot be based on reasons other than those stated in the NOI, except for good cause stated to the prisoner at or before the in interview and in the parole board's written explanation of its decision.  MICH. COMP. LAWS § 791.235(4).  The NOI informed Plaintiff of thirteen factors the parole board considers at all interviews, including "[p]rior crimes (adult and/or juvenile) . . . " and the prisoner's performance in therapy and counseling programs.  Plaintiff was interviewed by Defendant Atterberry, a parole board member, on April 20, 2007.  On May 8, 2007, the parole board issued a

notice of decision denying Plaintiff's parole for another twelve months.  (*See* 5/8/07 Parole Board Notice of Action, Exhibit C, docket #1.)  Among the reasons for denying Plaintiff parole, the parole board indicated that Plaintiff has a criminal history that includes "violent misdemeanors," "drug/alcohol related crimes," "traffic related misdemeanors" and "assaultive conviction(s) as juvenile."  In the recommendations for corrective action, the parole board suggested that Plaintiff "[c]ontinue [his] involvement in group therapy."

Plaintiff contends that Defendants violated MICH. COMP. LAWS § 791.235(4) and his due process rights by relying on juvenile convictions in denying his parole.  While the NOI made reference to previous adult or juvenile crimes, Plaintiff appears to claim that he did not have any juvenile convictions.  He further claims that the subject was not discussed during his parole interview.  Plaintiff claims because he was not placed on notice of the issue, he did not have an opportunity to challenge the parole board's use of inaccurate and irrelevant information.  He also claims that the parole board had inaccurate information regarding his participation in AOP because they recommended that he continue in group therapy when he has never been admitted to AOP.  He further claims that the issue of therapy was not discussed during the parole interview.  Plaintiff claims that he is unable to comply with the recommendation for AOP without the intervention of the parole board.

Plaintiff seeks declaratory relief, as well as an injunction preventing Defendants from violating MICH. COMP. LAWS § 791.235(4) in any future parole interview with Plaintiff.  He further seeks to enjoin Defendants from relying on any indication that he has a history of juvenile convictions, assaultive or otherwise, and to enjoin Defendants from recommending Plaintiff's involvement in group therapy.

- 4 -

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's claims arise from the denial of his parole by members of the Michigan Parole Board. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (citation omitted); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).

- 5 -

However, in *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the Supreme Court clarified that §1983 remains available to a state prisoner for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. *See also Thomas v. Eby,* 481 F.3d 434, 439-40 (6th Cir. 2007) (a plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence). Plaintiff does not seek release from prison; rather, he seeks declaratory and injunctive relief directed toward his future parole hearings. As a consequence, under *Wilkinson*, his success in the action would not necessarily demonstrate the invalidity of his continued confinement, so his action does not appear to be *Heck*-barred. Assuming that Plaintiff's action is cognizable under § 1983, it fails to state a claim as set forth herein.

Plaintiff claims that Defendants violated MICH. COMP. LAWS § 791.235(4) and his due process rights in his parole proceedings. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994) (en banc). A state's failure to comply with its own law, rule or regulation does not by itself state a claim under § 1983. *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992). Moreover, Plaintiff cannot state a claim under the Due Process Clause because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and, thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.*; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if

- 6 -

state law entitles an inmate to release on parole.  *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton*, 27 F.3d at 1164-65, the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole.  Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole.  *See Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).

Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole.  *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990).  Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system.  *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).  Because Plaintiff has

no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights.

Plaintiff's related allegation that Defendants relied on false information to deny his parole also fails to state a claim. Because Plaintiff has no liberty interest in being paroled, he cannot show that the false information was relied upon to a constitutionally-significant degree. *See Caldwell v. McNutt*, No. 04-2335, 2006 WL 45275, at *1 (6th Cir. Jan. 10, 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution."); *Echlin v. Boland*, No. 03-2309, 2004 WL 2203550, at *2 (6th Cir. Sept. 17, 2004) (prisoner could not bring a § 1983 action to challenge the information considered by the parole board because he has no liberty interest in parole); *see also Draughn v. Green*, No. 97-1263, 1999 WL 164915, at *2 (6th Cir. Mar. 12, 1999) (in order for the Due Process Clause to be implicated, false information in a prisoner's file must be relied on to a constitutionally significant degree); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996) (no constitutional violation by having false information placed in a prison file); *Carson v. Little*, No. 88-1505, 1989 WL 40171, at *1 (6th Cir. Apr. 18, 1989) (inaccurate information in an inmate's file does not amount to a constitutional violation). Therefore, Plaintiff fails to state a claim for a violation of his due process rights arising from the denial of his parole.

To the extent Plaintiff asserts a constitutional violation arising from his non-admission to AOP, federal courts have consistently found that prisoners have no constitutionally protected liberty interest in prison rehabilitation programs based on the Fourteenth Amendment. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)  (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss");

- 8 -

*Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1995) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services).  Accordingly, Plaintiff fails to state a claim upon which relief may be granted.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:   September 13, 2007                    /s/  Joseph G. Scoville
                                               United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).